**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re** | § | |
| | § | **Case Number 14-33899** |
| **LTHM Houston - Operations, LLC,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

---

**DEBTOR'S MOTION FOR INTERIM ORDER AND FINAL ORDER**
**AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO**
**11 U.S.C. § 363 (c)(2) AND BANKRUPTCY RULE 4001(b)**

---

LTHM Houston - Operations, LLC, debtor and debtor-in-possession (the "Debtor"), hereby moves the Court, pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for interim and final approval of the Debtor's use of cash collateral, as follows:

**BACKGROUND**

**A. Procedural Posture.**

1.      On July 14, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      The Debtor is operating its business and managing its financial affairs as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee, committee, or examiner has been appointed in the Debtor's case.

**B. Structure and Nature of Business Operations.**

3.      The Debtor is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Houston, Texas.

4.      The Debtor operates St. Anthony's Hospital ("St. Anthony's") on Little York Road on the north side of Houston, Texas between Interstate Highway 45 and US Highway 59. St. Anthony's is a 39-bed acute care facility specializing in bariatric, cardiovascular, family practice, gynecology, orthopedics, and pain management with a full range of diagnostic capability including CT scans and x-ray.

5.      The Debtor conducts all business related to the operation of the hospital and maintains all necessary licenses and accreditations from applicable Texas and federal bodies.

6.      The Debtor employs approximately 44 full-time and 30 part-time employees.

**D. Financial Performance.**

7.      The Debtor experienced a decline in financial performance in 2012 and part of 2013 largely due to mismanagement by prior managers. The Debtor's overall financial performance has substantially improved year-to-date 2014.

**E. Debt and Lien Structure.**

8.      The Debtor owes approximately $245,000 in secured debt under a financing statement and another $900,000 in secured debt as the result of a Notice of Federal Tax Lien ("NFTL") filed by the Internal Revenue Service ("IRS"), to the extent there is value to secure the lien.

9.      The Collateral includes cash proceeds from the operation of the hospital.

**SUMMARY OF RELIEF REQUESTED**

10.     The IRS claims a lien and security interest in all of the Collateral, including cash, proceeds and other cash equivalents that constitute cash collateral under section 363(a) of the Bankruptcy Code.  Opes Investments, Inc. has a consensual security interest in the receivables of the Debtor, but has consented to the use of cash collateral in continued operations.

11.     The Debtor must use cash collateral to pay wages, utilities, repairs and other expenses related to business operations and the administration of the Debtor's estate. The Debtor submits that it has used certain funds for post-petition expenses that are necessary and proper to the preservation of the Debtor's estate. The Debtor seeks authority to use cash collateral retroactive to the filing of the Chapter 11 petition and to provide adequate protection under Section 362(c) of the Bankruptcy Code.

### JURISDICTION AND NOTICE

12.     The Debtor brings the instant motion (the "Motion") pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

13.     The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of the Debtor's case and the Motion is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

14.     No committees have been appointed in the Debtor's case. The Debtor has served a copy of the Motion on the U.S. Trustee and the IRS.

15.     Under Bankruptcy Rule 4001(b)(2), the Court may commence a final hearing on a motion to approve use of cash collateral no earlier than fifteen (15) days after service of the motion and notice of hearing on the motion. Bankruptcy Rule 4001(b)(2) further provides, however, that the Court may conduct a preliminary hearing before the expiration of the 14-day notice period as necessary to avoid immediate and irreparable harm to a debtor's estate pending final hearing. The Debtor request the Court conduct a preliminary hearing on the Motion on an expedited basis to authorize the use of cash collateral as necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing.

**NEED FOR USE OF CASH COLLATERAL**

16.     To the extent the Collateral consists of cash, negotiable instruments, documents of title, securities, deposit accounts, or other case equivalents, the Collateral is cash collateral under Section 363(a) of the Bankruptcy Code (the "Cash Collateral").

17.     To preserve the value of the Debtor's assets and the Debtor's ability to manage its assets for the benefit of creditors and other interested parties, the Debtor must use the Cash Collateral to pay wages, utilities, repairs and other expenses incidental to the operation and administration of the Debtor's estate. Without authority to use the Cash Collateral, the Debtor will not be able to retain its remaining employees or to preserve the value of its assets for the benefit of the Debtor's estate.

18.     The Debtor seeks authorization to use Cash Collateral in accordance with the interim budget attached hereto as Exhibit A (the "Interim Budget"). At or prior to the final hearing on this Motion, the Debtor will file with the Court a final cash collateral budget under which it will propose to use Cash Collateral (the "Final Budget").

**AUTHORIZATION TO USE CASH COLLATERAL**

19.     Under Section 363(c)(2) of the Bankruptcy Code, the Debtor may not use the Cash Collateral unless the Collateral Agents consents or the Court authorizes the use of the Cash Collateral and provides adequate protection of the Collateral Agent's interests in the Cash Collateral.

20.     The IRS has not given consent to the Debtor's use of the Cash Collateral.

21.     To preserve the value of the Debtor's assets and the Debtor's ability to manage its estate for the benefit of creditors and other interest parties, the Debtor must use the Cash Collateral

to pay employees, utilities, repairs and other expenses related to its operations and the administration of the Debtor's estate.

22.    The Debtor requests the Court authorize on a preliminary basis the Debtor's use of the Cash Collateral to the extent necessary to avoid immediate and irreparable harm and that such authorization is made retroactive to the date of filing. The Debtor has an immediate need for authorization to pay operating expenses including payroll, monthly utility bills and other operating expenses incidental to the operation of a hospital. The Interim Budget reflects the Debtor's minimum cash flow needs to avoid immediate and irreparable harm.

**CONCLUSION**

23.    Approval on an interim basis of the use of the Cash Collateral to pay the expenses set forth in the Interim Budget is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing. Final approval of the use of Cash Collateral according to the Final Budget upon final hearing is necessary to preserve the Debtor's ability to avail itself of the protection of Chapter 11 Bankruptcy and to preserve the value of its estate for creditors and other interested parties.

24.    The adequate protection proposed by the Debtor is fair and reasonable and protects the IRS' interests in the Collateral while allowing the Debtor to fund its activities by using the Cash Collateral. Authorizing the Debtor to use the Cash Collateral and provide adequate protection as set forth herein is warranted under Sections 361 and 363 of the Bankruptcy Code and is in the best interests of the Debtor, its estate and creditors, and all parties in interest.

Dated: July 17, 2014                          Respectfully submitted,

                                              **/s/ Troy Tindal on Jul 17, 2014**

                                              Troy Tindal
                                              State Bar No. 24066198
                                              troy@tindallawfirm.com
                                              17225 El Camino Real, Ste 190
                                              Houston, Texas 77058
                                              Tel: 832-691-1519
                                              Fax: 832-408-7579

                                              **ATTORNEY FOR THE DEBTOR**


                            **CERTIFICATE OF SERVICE**

        I hereby certify that on the 17th day of July 2014, a true and correct copy of the above and foregoing document was served on all parties and counsel of record through the Federal Judiciary's CM/ECF system.  Additionally, secured creditors with interests in cash collateral as identified herein and the US Trustee were served by first-class mail.

                                              **/s/ Troy Tindal on Jul 17, 2014**

                                              Troy Tindal