IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 14-33899 |
| LTHM Houston – Operations, LLC § | |
| § | Chapter 11 |
| DEBTOR. § | |

APPLICATION OF THE CHAPTER 11 TRUSTEE FOR AUTHORITY
PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE TO EMPLOY THE
CLARO GROUP, LLC AS ACCOUNTANT, FORENSIC ACCOUNTANT, FINANCIAL
ADVISOR AND CONSULTANT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Robert E. Ogle, the duly appointed Chapter 11 Trustee (the "Trustee") LTHM Houston – Operations, LLC dba St. Anthony's Hospital ("LTHM Houston", or the "Debtor"), files this Application (the "Application") for Order Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of the Claro Group, LLC as Accountant, Forensic

1

Accountant, Financial Advisor and Consultant to the Chapter 11 Trustee, and in support thereof, respectfully submits as follows:

## I.
## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding employment of professionals under § 327 and 328 of the Bankruptcy Code.

## II.
## BACKGROUND

2. On July 14, 2014 (the "Filing Date"), Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Southern District of Florida. July 18, 2014, the court entered the Order (Doc. #9) directing the United States Trustee to appoint a chapter 11 trustee. Pursuant to said Order, the United States Trustee has appointed Robert E. Ogle to serve as the Chapter 11 Trustee. The Order approving the appointment of Robert E. Ogle as Chapter 11 Trustee was entered on July 18, 2014 (Doc. #11).

## III.
## RELIEF REQUESTED

3. The Trustee seeks entry of an order authorizing the employment and retention of The Claro Group, LLC as accountant, forensic accountant, financial advisor and consultant to the Trustee, as of July 23, 2014, the date the Chapter 11 Trustee agreed to engage Claro to provide consulting and back up support services to the Trustee. A copy of the engagement letter is attached hereto as **Exhibit A**.

## IV.
## RETENTION OF THE CLARO GROUP, LLC

4. Claro was first retained by the Trustee on July 23, 2014, and has continued to advise and consult with the Trustee on bankruptcy related matters ever since. As part of this relationship, the Trustee has retained Claro to act as its principal bankruptcy financial advisor and consultant during this case.

5. The Trustee respectfully submits that it will be necessary to employ and retain Claro pursuant to 11 U.S.C. § 327 to serve as accountant, forensic accountant, financial advisor and consultant in this case, and to:

 a. Analyze the cash position and cash needs of the Debtor and all related entities and businesses;
 b. Analyze claims against assets held by the Debtor and all related entities and businesses;
 c. Provide technical and analytical support with regard to the abandonment, return or liquidation of the Debtor's assets;
 d. Provide technical and analytical support in connection with the reconciliation and collection of pre and post petition Accounts Receivable;
 e. Provide technical and analytical support in connection with the preparation or amendment of the Debtor's Schedules and Statement of Financial Affairs and for any related entities or businesses, if necessary;
 f. Prepare operating reports and financial statements;
 g. Provide forensic accounting and litigation support services to the Trustee and, if requested, the Trustee's counsel;
 h. Provide forensic data preservation and data analytics;
 i. Provide a cash management system to control cash deposits;
 j. Analyze employee payroll information; and
 k. Provide such other services as may be required by the Trustee.

6. Because of the extensive accounting and advisory services that will be necessary in this case, and the fact that the full nature and extent of such services are not known at this time, the Trustee believes that the employment of Claro for all purposes set forth above is appropriate and in the best interest of the Debtor.

7. The Trustee believes that Claro possesses extensive knowledge and expertise in the areas relevant to this case and that Claro is well qualified to provide specialized advisory services to the Trustee. The Trustee has actively sought out the best candidate to represent him in this case. The Trustee sent out requests for proposal to a total of five well respected accounting and consulting firms of varying size: Opportune, Conway MacKenzie, Price

Waterhouse, SRR, and Compton & Wendler. A true and correct copy of the Trustee's proposal letter is attached hereto as **Exhibit B**. For a variety of reasons, none of these firms, other than Claro, chose to submit a proposal. In light of the lack of other proposals, and given Claro's past success, the Trustee believes Claro is the best choice. Claro has had a history of success in past bankruptcy engagements, including numerous past representations of the Trustees in the Northern and Southern Districts of Texas (including in Healthcare matters), and the Trustee believes that Claro will be successful in providing tangible, identifiable and material benefits to the Trustee and the Estate in this case. Claro and Claro professionals have worked on engagements advising debtors, Chapter 7 Trustees, Chapter 11 Trustees, secured lenders and unsecured creditor committees. Thus, Claro has undertaken the specific tasks assigned to them in this case on numerous past representations. Douglas J. Brickley, a Managing Director of Claro and the Leader of Claro's Corporate Recovery Services practice, will be the Trustee's primary contact for this case. Mr. Brickley has over 20 years of forensic accounting, bankruptcy, investment banking, turnaround and fiduciary services experience and is well qualified to act as a financial advisor and consultant to the Trustee in this case. Therefore, the Trustee believes that retaining Claro as accountant, forensic accountant, financial advisor and consultant is in the best interests of the Estate.

## V.
## THE CLARO GROUP, LLC IS "DISINTERESTED"

8. Under §327(a) of the Bankruptcy Code, the Trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in § 101(14) of the Bankruptcy Code, to represent or assist the Trustee in carrying out his duties under the Bankruptcy Code. 11 U.S.C. §§ 101(14) and 327(a).

9. To the best of the Trustee's knowledge, neither Claro nor any of its directors are a creditor, an equity security holder or an insider of the Debtor, nor does Claro or its directors have any direct or indirect relationship to, connection with, or interest in, the Debtor that would make its interests materially adverse to the interests of the estate or of any class of creditors or equity security holders. Except as set forth in the Affidavit of Douglas J. Brickley (the "Affidavit") annexed to and incorporated in this Application as **Exhibit C**, to the best of the

Trustee's knowledge, Claro does not have any connections with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.  Based upon the Declaration, the Trustee believes that Claro is a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code, as modified by §1107(b) and is therefore qualified to be employed by the Trustee pursuant to §327(a) of the Bankruptcy Code.

## VI.
## TERMS OF CLARO'S ENGAGEMENT

10.   The Trustee is informed that Claro intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Claro as more specifically described in the Affidavit.

11.   No previous application for the relief requested herein has been made to this or any other court. The Trustee requests approval of this application as of July 23, 2014, the date the Chapter 11 Trustee agreed to engage Claro, as provided by the terms of Bankruptcy Local Rule 2014(b).

## VII.
## NOTICE

12.   Notice of this Application has been provided to (i) the United States Trustee for the Southern District of Texas; (ii) the Debtor's secured lender, (iii) the twenty largest unsecured creditors; (iv) any party requesting notice and; (v) the Internal Revenue Service. In light of the nature of the relief requested, the Trustee submits that no other or further notice be provided.

## VIII.
## PRAYER

WHEREFORE, the Trustee respectfully requests that this Court enter an order approving the retention and employment of Claro as financial advisors and consultants to the Trustee under the terms and conditions set forth herein and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 25th day of July, 2014

                              Respectfully Submitted,

                              By: */s/ Spencer D. Solomon*_____
                                   Ronald J. Sommers, Trustee
                                   Texas Bar No. 18842500
                                   rsommers@nathansommers.com
                                   Spencer D. Solomon
                                   Texas Bar No. 24066117
                                   ssolomon@nathansommers.com

                             Nathan Sommers Jacobs,
                             A Professional Corporation
                             2800 Post Oak Blvd. 61st Floor
                             Houston, TX 77056
                             (713) 960-0303 (main)
                             (713)892-4800 (fax)

                             **PROPOSED ATTORNEYS FOR**
                             **ROBERT E. OGLE, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on July 25, 2014, a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, and via First Class U.S. Mail upon all parties listed on the attached Service List.

                                     */s/ Spencer D. Solomon*_____
                                     Spencer D. Solomon