IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| | § | Case No. 14-33899 |
| LTHM HOUSTON – OPERATIONS, LLC | § § | |
| | § | Chapter 11 |
| | § § | |
| DEBTOR. | § | |

**AFFIDAVIT OF DOUGLAS J. BRICKLEY IN SUPPORT OF THE APPLICATION OF THE CHAPTER 11 TRUSTEE FOR AUTHORITYPURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE TO EMPLOY THE CLARO GROUP, LLC AS ACCOUNTANT, FORENSIC ACCOUNTANT, FINANCIAL ADVISOR AND CONSULTANT**

Douglas J. Brickley, being duly sworn according to law, upon his oath, deposes and says:

1. I am a Managing Director of The Claro Group, LLC ("Claro" or the "Firm"), whose headquarters is located in Chicago with an office in Houston, Texas located at 1221 McKinney Street, Suite 2850, Houston, Texas 77010. I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.

2. This affidavit is being submitted in connection with the proposed retention of Claro as accountant, forensic accountant, financial advisor and consultant for Robert E. Ogle, the Chapter 11 Trustee ("Trustee") for the bankruptcy estate of LTHM Houston – Operations, LLC dba St. Anthony's Hospital ("Debtor") to perform services as set forth in the Trustee's Application for Authority Pursuant to Section 327(a) of the Bankruptcy Code to Employ Claro as Accountant, Forensic Accountant, Financial Advisor, and Consultant (the "Application").

3. Claro is a privately owned, national financial and management consulting firm that provides financial analysis and advisory services, forensic accounting, valuation services, economic and statistical analyses, large database management and analyses to assist clients involved in litigation, arbitration, mediation, bankruptcy or other disputes. Claro's professionals include CPAs, MBAs, JDs, CTPs, CIRAs and PhD economists. Subject to this Court's approval, Claro was engaged by the Trustee effective July 23, 2014 as the Trustee's accountant forensic accountant, financial advisor and consultant.

**EXHIBIT C**

4. Attached hereto as **Exhibit C-1** is an engagement letter between Claro and the Trustee dated July 23, 2014 (the "Engagement Agreement"). Claro's decision to accept this engagement to assist the Trustee is contingent upon its ability to be retained in accordance with customary terms and conditions of employment, which are detailed in the Engagement Agreement.

5. To the best of my knowledge and except as set forth herein, Claro does not have any relationship with the Debtor, its creditors, any other parties-in-interest, its attorneys and accountants, the United States trustee, or any person employed by the Office of the United States trustee.

6. Other than as disclosed herein, Claro holds no interest which is materially adverse to the interests of the Debtor. As such, to the best of my knowledge, Claro is a "disinterested person" as defined by 11 U.S.C. § 101(14).

7. Claro has been provided a list of the Debtor's creditors and other parties-in-interest known to it. Claro has reviewed its records to determine whether it has any current or prior relationships with the Debtor or any of the individuals or entities who may be creditors or parties in interest in this case. Claro has checked its records against the list attached hereto as **Exhibit C-2**, which is, to Claro's knowledge, the most complete list of creditors, equity security holders, other parties in interest, and their respective attorneys and accountants.

8. To the extent that Claro has been able to ascertain, Claro is not a creditor, an equity security holder, or an insider of the Debtor, nor does Claro have any direct or indirect relationship to, connection with, or interest in, the Debtor that would make its interests materially adverse to the interests of the estate or of any class of creditors or equity holders. To the best of my knowledge, except as described in **Exhibit C-3**, (a) Claro has no connections with the Debtor's creditors, any other party-in-interest, or their respective attorneys and accountants, and (b) the Claro professionals working on this matter are not relatives of the United States trustee of the Southern District of Texas or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of Texas.

9. Claro submits that Claro does not hold or represent an interest adverse to the estate that would impair Claro's ability to objectively perform professional services for the Trustee, in accordance with § 327 of the Bankruptcy Code.

10. Claro is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, to the best of my information and belief, Claro:

    a. Is not a creditor, an equity security holder, or an insider of the Debtor;

    b. Is not and was not an investment banker for any outstanding security of the Debtor;

    c. Has not been within three years before the commencement of this chapter 11 case, an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale or issuance of a security of the Debtor;

    d. Is not and was not, within two years before the commencement of this chapter 11 case, a director, officer or employee of the Debtor or of an investment banker of the Debtor; and

    e. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or an investment banker of the Debtor or for any other reason.

11. Claro has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the Debtor, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtor or interests in this chapter 11 case. Claro has relationships or connections with the entities listed in **Exhibit C-3**.

12. Claro has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matters related to this chapter 11 case.

13. Claro has not been retained to assist any entity or person other than the Trustee on matters relating to this chapter 11 case. If this Court approves this proposed engagement and for the duration of the time that Claro is providing any services thereunder, Claro will not accept any other engagement or perform any service for any entity or person that is related to this chapter 11 case.

14. Claro has not received any pre-petition retainer from the Trustee or Debtor.

15. There is no agreement or understanding between Claro, or any other person or entity for the sharing of compensation received or to be received for services rendered by Claro in connection with this chapter 11 case.

16. I declare under penalty of perjury that the forgoing is true and correct.

_____
Douglas J. Brickley
The Claro Group, LLC

State of Texas

Harris County

Subscribed and sworn to (or affirmed) before me on this 25 day of July, 2014, by Douglas J. Brickley, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature _____

> DIANE J BOUCHE
> Notary Public, State of Texas
> My Commission Expires
> September 27, 2016