UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LTHM HOUSTON - OPERATIONS, LLC | § | CASE NO. 14-33899 |
| d/b/a ST. ANTHONY'S HOSPITAL, | § | |
| | § | |
| DEBTOR | § | |

TRUSTEE'S EMERGENCY MOTION FOR SECOND INTERIM ORDER
AUTHORIZING THE USE OF CASH COLLATERAL

A hearing on this Motion will be held on **July 31, 2014, at 10:00 a.m.**
at 515 Rusk Ave., Courtroom 404, Houston, Texas 77002

Pursuant to Local Rule 9013:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Robert E. Ogle (the "Trustee"), Chapter 11 trustee for LTHM Houston – Operations, LLC d/b/a St. Anthony's Hospital (the "Debtor" or "St. Anthony's"), files this *Emergency Motion for Second Interim Order Authorizing the Use of Cash Collateral* (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

## I.
## CAUSE FOR EMERGENCY CONSIDERATION

1. The Trustee was appointed on July 18, 2014. He has been working diligently to review and analyze the Debtor's financial condition and feasibility as a going concern. This Court has already granted the Trustee the use of cash collateral to make the Debtor's July 18 payroll payments and to pay critical operating expenses through July 31, 2014. However, the Trustee will continue to need use of cash collateral to pay ongoing expenses necessary to maintain the Debtor's operations, to continue its collections functions, to pay the Debtor's employees, and to maintain compliance with applicable state and federal law.

2. Emergency consideration is appropriate because the Trustee's interim authority to use cash collateral expires on July 31, 2014.

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This particular motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order regarding this Motion. Sections 361 and 363 of the Bankruptcy Code have no equivalent under state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475

(2011)). In the alternative, use of cash collateral is an essential bankruptcy matter, which triggers the "public rights" exception. *See Id.*

### III.
### RELEVANT BACKGROUND FACTS

4.　On July 14, 2014 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition in this Court. The Trustee was appointed on July 18, 2014.

5.　The Debtor is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Houston, Texas.

6.　The Debtor operates St. Anthony's Hospital on Little York Road on the North side of Houston, Texas between Interstate Highway 45 and US Highway 59. St. Anthony's is a 39-bed acute care facility specializing in bariatric, cardiovascular, family practice, gynecology, orthopedics, and pain management with a full range of diagnostic capability including CT scans and x-ray.

7.　The Debtor conducts all business related to the operation of the hospital and maintains all necessary licenses and accreditations from applicable Texas and federal bodies.

8.　On the Petition Date, the Debtor employed approximately 44 full-time and 30 part-time employees.

9.　The Internal Revenue Service ("IRS") claims a lien and security interest in all property of the Debtor, including cash, proceeds and other cash equivalents that constitute cash collateral under § 363(a) of the Bankruptcy Code.[1]  OPES Investments, Inc. ("OPES") has a consensual security interest in the Debtor's receivables. The Federal Depository Insurance Corporation as successor in interest to First National Bank ("FDIC") claims a consensual

---

[1] The IRS's lien was recorded during the 90-days prior to the Petition Date and may be avoidable.

security interest in the Debtor's equipment and inventory.[2] The Texas Health & Human Services Commission ("HHSC") does not have a lien on the Debtor's cash, though it has certain statutory rights of recoupment which impact the Debtor's ability to use its funds. The Texas Workforce Commission ("TWC") asserts a tax lien on all property of the Debtor securing approximately $28,000 owed pre-petition.

## IV.
## RELIEF REQUESTED

10. The Trustee seeks an entry of an interim order authorizing the use of cash collateral in accordance with the 2-week budget attached hereto as **Exhibit A**. Failure to pay the items listed in Exhibit A would likely result in a severe disruption or even cessation of certain operations which may impact patient health and safety and the protection and proper maintenance of patient records. The proposed use of cash collateral is necessary to prevent irreparable harm to the Debtor's business and the estate and to maintain compliance with applicable state and federal healthcare regulations.

11. Section 363(c)(2) provides that:

(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

12. The Debtor cannot preserve and maintain its assets without spending money. The Debtor's employees, utility service providers, and critical vendors must be paid. The Bankruptcy Code recognizes the necessity of such use and permits the Trustee to use cash collateral provided

---

[2] First National Bank released its lien on the Debtor's receivables on or about July 26, 2013.

that parties with an interest in such cash collateral are adequately protected. *See* 11 U.S.C. §§ 361, 362(d), and 363(c)(2).

13. The IRS, OPES, the HHSC, and the TWC each have an interest in the Debtor's cash and/or receivables, which the Trustee submits is adequately protected by: (1) the Trustee's adherence to the attached budget; (2) the Trustee's continued collection and monetization of accounts receivable for the benefit of these parties; and (3) the granting of replacement liens on the Debtor's property in which each party claiming pre-petition liens on the Debtor's cash, respectively, held valid and perfected liens, in the same priority as existed prior to the Petition Date pursuant to § 552 of the Bankruptcy Code.

14. The Trustee is in the process of seeking the consent of all parties with an interest in the Debtor's cash and receivables on the matters set forth herein. However, due to the urgency of this matter, the Trustee has filed this Motion before such an agreement is reached. The Trustee will continue to negotiate with the parties claiming an interest in the Debtor's cash to reach an appropriate agreement. In the event those negotiations are not successful, the Trustee seeks a Court order that his offer of adequate protection set forth herein is sufficient and that the Trustee is authorized to (a) maintain possession and control over collections generated from the Debtor's receivables and (b) use such cash collateral on an interim basis in accordance with the attached budget.

WHEREFORE, the Trustee respectfully requests that the Court authorize the Trustee to use cash collateral on an interim basis in accordance with the attached budget. The Trustee further requests such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

By: */s/ Spencer D. Solomon*_____
    Ronald J. Sommers
    Texas Bar No. 18842500
    rsommers@nathansommers.com
    Spencer D. Solomon
    Texas Bar No.  24066117
    ssolomon@nathansommers.com

Nathan Sommers Jacobs,
A Professional Corporation
2800 Post Oak Blvd. 61st Floor
Houston, TX 77056
(713) 960-0303 (main)
(713)892-4800 (fax)

**PROPOSED ATTORNEYS FOR**
**ROBERT E. OGLE, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on July 29, 2014, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, via email and First Class U.S. Mail upon all parties claiming a lien or other interest in the Debtor's cash and receivables, upon all parties listed on the attached Service List, and upon all parties claiming an interest in the Debtor's cash collateral via email as follows:

**The Debtor**

Troy Tindal
(troy@tindallawfirm.com)
Tindal Law Firm

**U.S. Trustee**

Nancy L. Holley
(Nancy.Holley@usdoj.gov)
Trial Attorney

**Internal Revenue Service**

Nancy A. Leonard
(nancy.leonard@usdoj.gov)
Assistant United States Attorney
Southern District of Texas

**FDIC**

Joseph A. Friedman
(jfriedman@krcl.com)
Kane Russell Coleman & Logan, PC

**Opes Investments, Inc.**

Bradley R. Henderson
(bradley.r.henderson@gmail.com)
President, Opes Investments, Inc.

**HHSC & DSHS**

Hal Morris
(hal.morris@texasattorneygeneral.gov)
Assistant Attorney General & Managing Attorney
Bankruptcy Regulatory Section
Office of the Texas Attorney General

**CPA & TWC**

Rachel R. Obaldo
(Rachel.Obaldo@texasattorneygeneral.gov)
Assistant Attorney General & Managing Attorney
Bankruptcy & Collections Division
Office of the Texas Attorney General

                                                    */s/ Spencer D. Solomon*
                                                    Spencer D. Solomon

## CERTIFICATE OF ACCURACY

      The undersigned certifies that the facts contained in the foregoing Motion are true and correct to the best of his knowledge.

                                                    */s/ Spencer D. Solomon*
                                                    Spencer D. Solomon