UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LTHM HOUSTON - OPERATIONS, LLC | § | CASE NO. 14-33899 |
| d/b/a ST. ANTHONY'S HOSPITAL, | § | |
| | § | |
| DEBTOR | | |

**TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO CEASE OPERATIONS
OF DEBTOR'S HOSPITAL AND TO IMPLEMENT SHUT DOWN PLAN**

A hearing on this Motion will be held on <u>August 5, 2014, at 3:00 p.m.</u>
at 515 Rusk Ave., Courtroom 404, Houston, Texas 77002

Pursuant to Local Rule 9013:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE MARVIN P. ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Robert E. Ogle (the "Trustee"), Chapter 11 trustee for LTHM Houston – Operations, LLC d/b/a St. Anthony's Hospital (the "Debtor" or "St. Anthony's"), files this *Emergency Motion to Cease Operations of Debtor's Hospital and to Implement Shut Down Plan* (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

## I.
## CAUSE FOR EMERGENCY CONSIDERATION

1. The Trustee was appointed on July 18, 2014. He has been working diligently to review and analyze the Debtor's financial condition and feasibility as a going concern. This Court recently granted the Trustee the use of cash collateral to pay, among other things, the Debtor's August 1, 2014 payroll obligations. At the July 31, 2014 status conference in this case, the Trustee informed the Court that funds might not be available to meet the Debtor's payroll obligations on August 1, 2014, though the Trustee was hopeful that sufficient receivables would be collected over the weekend to cover the deficit. Sufficient funds were not collected. Nor could the Trustee find an adequate source of emergency DIP financing. In light of the Debtor's inability to make the August 1, 2014 payroll, there is a material risk that critical employees will walk off the job, which may affect patient health and safety. Accordingly, the Trustee seeks authority to cease operations for St. Anthony's and cancel all upcoming procedures.

2. Emergency consideration is appropriate because the Trustee's inability to cease hospital operations promptly may have a detrimental effect on patient health and safety.

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This particular motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has

constitutional authority to enter a final order regarding this Motion. Section 363(b) of the Bankruptcy Code has no equivalent under state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)).

### III.
### RELEVANT BACKGROUND FACTS

4.  On July 14, 2014 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition in this Court. The Trustee was appointed on July 18, 2014.

5.  The Debtor is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Houston, Texas.

6.  The Debtor operates St. Anthony's Hospital on Little York Road on the North side of Houston, Texas between Interstate Highway 45 and US Highway 59. St. Anthony's is a 39-bed acute care facility specializing in bariatric, cardiovascular, family practice, gynecology, orthopedics, and pain management with a full range of diagnostic capability including CT scans and x-ray.

7.  The Debtor conducts all business related to the operation of the hospital and maintains all necessary licenses and accreditations from applicable Texas and federal bodies.

8.  On the Petition Date, the Debtor employed approximately 44 full-time and 30 part-time employees.

9.  On July 18, 2014, this Court appointed a Chapter 11 Trustee in this case. Thereafter, the Trustee was duly appointed and has continued to act as Chapter 11 Trustee.

10. On July 31, 2014, the Court granted the Trustee interim authority to use cash collateral in accordance with a two-week budget. [Doc. No. 38]  As disclosed to the Court at the

July 31, 2014 status conference, the cash collateral budget reflected that the Debtor would not have sufficient funds on hand to meet its August 1, 2014 payroll. The Trustee informed the Court that he was hopeful that the Debtor would collect sufficient receivables to allow him to meet the Debtor's payroll obligations soon after August 1, 2014. The Court scheduled an emergency setting on August 5, 2014, at 3:00 p.m. to allow the Trustee to seek to shut down St. Anthony's on an emergency basis in the event the Debtor could not meet its payroll obligations.

11. As of the filing of this Motion, the Debtor does not have sufficient funds to meet its payroll obligations and no adequate source of DIP financing appears to be available on short notice. Accordingly, there is a risk that the Debtor's critical staff and employees will walk off the job, which may have a sudden and negative impact on patient health and safety. Under the circumstances, the Trustee believes that a cessation of the Debtor's operations is appropriate.

## IV.
## RELIEF REQUESTED

12. The Trustee seeks authority to cease the Debtor's operations and to implement a wind-down plan utilizing the cash collateral previously authorized.

13. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." The Trustee views a cessation of the Debtor's operations and the use of estate property to fund a wind-down plan for the hospital as a transaction outside the Debtor's ordinary course of business. Accordingly, the Trustee seeks authority to engage in these activities pursuant to § 363(b)(1).

14. The Trustee is presently working with the Debtor's Chief Nursing Officer, the Texas Health & Human Services Commission ("HHSC"), and the Texas Department of State Health Services ("DSHS") to formulate and implement an orderly wind-down of St. Anthony's.

A true and correct copy of the Trustee's preliminary wind-down plan and the associated budget is attached hereto as **Exhibit A** (the "Wind-Down Plan").[1] The Wind-Down Plan contemplates the following:

a. DSHS will be notified immediately that the hospital is closing and hospital license secured and returned.

b. Original licenses issued by state authorities will be secured and mailed via certified mail to appropriately designated individuals.

c. All hospitalized patients will be transferred out to other facilities with communication that the hospital is closing to avoid EMTALA violations.

d. EMS systems will be notified of hospital closure immediately.

e. Signage indicating the hospital is closed will be placed on the door and the facility secured.

f. The Texas State Board of Pharmaceuticals will be notified immediately. The pharmacist of record will inventory the entire hospitals pharmaceuticals on hand and secure them. The pharmacist must prepare and submit the state report.

g. All radiology equipment will be inventoried and tagged with notification to the Texas X-Ray licensing agency of the inventory and hospital closure. The state issued certificate will be returned to this agency.

h. DNV, the accrediting authority, will be notified of the hospital closure.

i. Medical records, including those reported as being stored at St. Anthony's from Renaissance Groves, will be picked up and secured at an external professional medical records storage facility.

15. The Trustee has also prepared a budget setting forth the necessary staff and expenses for the Wind-Down Plan, which is included at Page 2 of Exhibit A. The budget reflects that the Trustee will need to pay $206,953.00 over the next few weeks to pay such staff and

---

[1] The Wind-Down Plan is subject to change based upon the requirements and recommendations communicated by the DSHS. By this Motion, the Trustee seeks authority to implement additional requirements and recommendations by the DSHS not specifically set forth in the Wind-Down Plan. Moreover, the Trustee contemplates filing a motion to convert this Chapter 11 case to a case under Chapter 7 either during or after implementation of the wind-down plan as may be appropriate. The Trustee will make such request by separate motion.

expenses, which amount is approximately $20,000 less than the interim cash collateral budget previously approved by the Court on July 31, 2014. Accordingly, the Trustee requests that the Court authorize the Trustee to utilize cash collateral in accordance with the Wind-Down Plan and attached budget.

16. Because all parties claiming an interest in the Debtor's cash collateral have already consented to the budget approved by the Court on July 31, 2014 (which proposes more than $220,000 in interim use of cash collateral), the Trustee does not believe that additional consent is necessary to the use of cash collateral proposed herein. However, the Trustee will continue to seek the consent of all parties with an interest in the Debtor's cash and receivables on the matters set forth herein. In the event those negotiations are not successful, the Trustee seeks a Court order that the adequate protection approved by this Court's July 31, 2014 cash collateral order remains sufficient, and that the Trustee is authorized to (a) maintain possession and control over collections generated from the Debtor's receivables and (b) use such cash collateral on an interim basis in accordance with the budget attached to the Wind-Down Plan.

17. The Trustee believes that a cessation of the Debtor's medical procedures will not have a material detrimental impact on the community. The Houston Texas Medical Center is approximately 10.25 miles from St. Anthony's, which offers substantial and comprehensive patient care services. In addition, the following acute care hospitals with facilities equal to or more expansive than St. Anthony's are nearby:

| Bed Size | Hospital Name | Miles/Distance from St. Anthony's |
| --- | --- | --- |
| 220 | Doctors Hospital- Tidwell | 3.94 |
| 192 | Memorial Hermann NW | 6.08 |
| 433 | St. Joseph's Med Center | 7.52 |

| | | |
|---|---|---|
| 83 | Riverside General Hospital | 8.61 |
| 381 | Park Plaza Hospital | 9.56 |
| 6 | Innova Hospital-Houston | 9.78 |
| 373 | Memorial Hermann | 10.23 |
| 131 | East Hst. Regional Med Ctr | 10.52 |
| 255 | Memorial Hermann NE | 10.55 |
| 602 | Methodist Hospital | 10.59 |
| 299 | Spring Branch Med Ctr | 10.64 |

WHEREFORE, the Trustee respectfully requests that the Court authorize the Trustee to (a) cease the Debtor's operations, (b) implement the Wind-Down Plan, and (c) use cash collateral on an interim basis in accordance with the budget attached to the Wind-Down Plan. The Trustee further requests such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

By: */s/ Spencer D. Solomon*_____
    Ronald J. Sommers
    Texas Bar No. 18842500
    rsommers@nathansommers.com
    Spencer D. Solomon
    Texas Bar No.  24066117
    ssolomon@nathansommers.com

Nathan Sommers Jacobs,
A Professional Corporation
2800 Post Oak Blvd. 61st Floor
Houston, TX 77056
(713) 960-0303 (main)
(713)892-4800 (fax)

**PROPOSED ATTORNEYS FOR
ROBERT E. OGLE, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

       The undersigned certifies that on August 4, 2014, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, via email and First Class U.S. Mail upon all parties listed on the attached Service List, and upon the following parties via email as follows:

**Debtor-Not-In-Possession**
c/o Troy Tindal
(troy@tindallawfirm.com)
Tindal Law Firm

**Jason LeDay**
c/o Jeffrey W Steidley
(stedlaw@aol.com)
Steidley Law Firm

**U.S. Trustee**
Nancy L. Holley
(Nancy.Holley@usdoj.gov)
Trial Attorney

**Internal Revenue Service**
Nancy A. Leonard
(nancy.leonard@usdoj.gov)
Assistant United States Attorney
Southern District of Texas

**FDIC**
Joseph A. Friedman
(jfriedman@krcl.com)
Kane Russell Coleman & Logan, PC

**Opes Investments, Inc.**
Bradley R. Henderson
(bradley.r.henderson@gmail.com)
President, Opes Investments, Inc.

**HHSC & DSHS**
Hal Morris
(hal.morris@texasattorneygeneral.gov)
Assistant Attorney General & Managing Attorney
Bankruptcy Regulatory Section
Office of the Texas Attorney General

**CPA & TWC**
Rachel R. Obaldo
(Rachel.Obaldo@texasattorneygeneral.gov)
Assistant Attorney General & Managing Attorney
Bankruptcy & Collections Division
Office of the Texas Attorney General

          */s/ Spencer D. Solomon*_____
          Spencer D. Solomon

## CERTIFICATE OF ACCURACY

       The undersigned certifies that the facts contained in the foregoing Motion are true and correct to the best of his knowledge.

          */s/ Spencer D. Solomon*_____
          Spencer D. Solomon