UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
NANCY L. HOLLEY
TRIAL ATTORNEY
515 Rusk, Ste. 3516
Houston, Texas  77002
Telephone: (713) 718-4650
Facsimile:  (713) 718-4680

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: § | | CASE NUMBER |
| § | | |
| LTHM HOUSTON-OPERATIONS LLC § | | 14-33899-H1-11 |
| § | | (CHAPTER 11) |
| DEBTOR § | | |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT**
******************************************************************************

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY  BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
******************************************************************************

TO:    THE HONORABLE MARVIN ISGUR
       UNITED STATES BANKRUPTCY JUDGE

COMES NOW, THE UNITED STATES TRUSTEE, ("UST"), through the undersigned counsel and respectfully moves this Court under 11 U.S.C. §1112 for an order under BLR

1017(a) and 11 U.S.C. §1112 for an order converting this case to a proceeding under chapter 7. In support thereof, the UST represents and alleges as follows:

1.      Judy A. Robbins is the United States Trustee for the Southern and Western Districts of Texas.

2.      The United States Trustee is an officer of the United States Department of Justice. 28 U.S.C. §581.  Her duties are set forth in 28 U.S.C. §586, 11 U.S.C. §307 and throughout the Bankruptcy Code, 11 U.S.C. §101, et. seq.

3.      The UST is imposed with certain administrative responsibilities pursuant to 28 U.S.C. §586(a), which include the supervision of the administration of cases and trustees under chapters 7, 11, 12 and 13 of the Bankruptcy Code.  To carry out this responsibility, the UST was given standing to raise and be heard on any issue in any case or proceeding.  11 U.S.C. §307.

4.      LTHM HOUSTON-OPERATIONS LLC ("LTHM") d/b/a St. Anthony's Hospital, the Debtor, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on July 9, 2014.  On the petition date, LTHM operated an acute care hospital and emergency room located at 2807 Little York Road, Houston, Texas  77093 licensed to operate by the State of Texas Department of Health Services ("DSHS").

5.      The Debtor did not move for the use of cash collateral to operate the hospital and for authority to pay post-petition wages until Friday, July 18, 2014, on an emergency basis and without adequate notice to secured creditors.  At the hearing that same date, this Court ordered the appointment of a chapter 11 trustee.  The UST appointed Robert Ogle ("Ogle") to be the chapter 11 trustee.

6.      Ogle operated and attempted to reorganize LTHM after his appointment on July 18, 2014, within the constraints of the accounts receivable collected and financing secured, within the budget approved by the secured creditors, and in compliance with the law and requirements of the State of Texas, Department of Health & Human Services, Internal Revenue Code and Bankruptcy Code.  However, after four weeks of operations, Ogle exhausted available financing and received insufficient income from the collection of accounts receivable to continue hospital operations in compliance with the law and requirements of the State of Texas, Department of Health and Human Services, Internal Revenue Code and Bankruptcy Code.

7.      On Tuesday, August 19, 2014, at 2:28 P.M. Ogle shut down hospital and emergency room operations at LTHM pursuant to the authority granted to him under the Bankruptcy Court's August 12, 2014 *Order Authorizing the Chapter 11 Trustee to Cease Operations of Debtor's Hospital and to Implement Shut Down Plan* [Docket # 60].

8.      On information and belief, the termination of hospital and emergency room operations at LTHM will result in the termination of LTHM's license to operate as a hospital.  However, Ogle

will execute closing procedures and collection of assets with the assistance of a skeletal staff and retained professionals.

9.     Because LTHM can no longer operate as a hospital and does not own the building in which previously operated, the possibility of reorganization or a structured sale is non-existent. Investigation of claims, recovery of assets, and orderly administration of claims should be handled by a bankruptcy trustee. However, the cost of a disclosure statement and plan in such a liquidation case is not justified.

10.    As long as LTHM remains in chapter 11, Ogle will be required to prepare and file monthly operating reports or reports of disbursements including disbursements made for security, closing staff, records retention, pharmaceutical disposition, and professional expenses.

## STATUTORY AUTHORITY

11.  Section 1112(b)(1) provides:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

12.    Section 1112(b)(4) sets forth the grounds in which a party-in-interest or the United States Trustee may convert or dismiss a case, for cause, including,

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

## ARGUMENT

13.    The UST would argue that LTHM's inability to continue to operate due to lack of post-petition resources and the termination of its operating authority constitutes a substantial and continuing loss to the bankruptcy estate and an absence of a reasonable likelihood of rehabilitation or cause for conversion of this case to a chapter 7 liquidation proceeding.

14.    The UST would argue that requirements for pharmaceutical disposition and records retention require the oversight of a responsible party such as a bankruptcy trustee. For this reason, conversion of this case to chapter 7 rather than dismissal of this case is the most prudent course of action.

15. The UST would further argue that the possibility of potential causes of action, preferential and fraudulent transfers, recovery of Medicare, Medicaid and insurance receivables, liquidation of personal property and distribution of same to creditors will only occur by and through a bankruptcy trustee.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting or dismissing this proceeding to a case under chapter 7 of title 11 of the United States Code.

Dated:  August 20, 2014.                          Respectfully submitted,

                                                                              JUDY A. ROBBINS
                                                                              UNITED STATES TRUSTEE


                                                                              By: /s/ Nancy L. Holey
                                                                                Nancy L. Holley, Attorney
                                                                                Texas State Bar #09875550
                                                                                Federal Bar #1440
                                                                                515 Rusk, Ste. 3516
                                                                                Houston, Texas  77002
                                                                                (713) 718-4650: Telephone
                                                                                (713) 718-4670: Facsimile

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the <u>UNITED STATES TRUSTEE'S MOTION TO CONVERT</u> and proposed order were served either by ECF or by regular U. S. Mail, postage prepaid, to the Trustee, Trustee's Counsel, Debtor, Debtor's Counsel, State of Texas Representatives, and Parties Requesting Notice at the addresses listed below on August 20, 2014.  A separate Notice of Motion will be filed and served by BNC noticing.

      */s/ Nancy L. Holley*
Nancy L. Holley, Attorney
Texas State Bar #09875550
Federal Bar # 1440
515 Rusk, Ste. 3516
Houston, Texas  77002
(713) 718-4650: Telephone
(713) 718-4670: Facsimile

**DEBTOR**

LTHM Houston-Operations, LLC
2807 Little York Road
Houston, TX   77093

**CHAPTER 11 TRUSTEE**

Robert Ogle
The Claro Group
1221 McKinney
Suite 2850
Houston, TX   77002

**CHAPTER 11 TRUSTEE'S COUNSEL**

Spencer D. Solomon
Ronald Sommers
Nathan Sommers Jacobs PC
2800 Post Oak Blvd
61st Floor
Houston, TX   77056

**DEBTOR'S COUNSEL**

Troy Ted Tindal
Tindal Law Firm
17225 El Camino Real
Suite 190
Houston, TX   77058

### STATE OF TEXAS REPRESENTATIVES

John Casey Roy
Assistant Attorney General
Texas Health and Human Services Commission
Office of the Texas Attorney General
Bankruptcy & Collections Division
P. O. Box 12548, Mail MC-008
Austin, TX 78711-2548

Rachel R. Obaldo
Assistant Attorney General & Managing Attorney
Office of the Attorney General of Texas
Bankruptcy Regulatory Section
300 W. 15th Street, Mail MC-008
Austin, TX  78701-1649

### PARTIES REQUESTING NOTICE AND INTERESTED PARTIES

Nancy A. Leonard
Assistant United States Attorney
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002-5010

Joseph A. Friedman
Kane Russell Coleman & Logan , PC
1601 Elm St., Suite 3700
Dallas, TX 75201-7207

J. Scott Douglass
Attorney at Law
1811 Bering Drive, Suite 420
Houston, TX   77057


Robert Huddleston Carpenter, Jr.

Federal Deposit Insurance Co.
1601 Bryan St., 35th Fl
Dallas, TX  75201

Tara L. Grundemeier
Linebarger Goggan Blair
1301 Travis Street, Suite 300
Houston, TX   77002

Michael Steven Burg
1842 Snake river Road
Katy TX   77449

OPES Investments, Inc.
Attn:  Bradley R. Henderson
2441 S 10th Street
Abilene, Texas 79605

Paul B. Geilich
Fishman Jackson PLLC
13155 Noel Road, Suite 700
Dallas, TX   75240

Charlie T. Nhan
Bui & Nhan P.L.L.C.
3921 Ocee St.
Houston, TX   77063

Tracy Fink
Boxer Property Management Corporation
720 N. Post Oak road, Suite 500
Houston, TX   77024

Neil J. Orleans
Law Office of Judith W. Ross
700 N. Pearl St., Suite 1610
Dallas, TX   75201