

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/24/2014

| | | |
|---|---|---|
| IN RE: | § | |
| LTHM HOUSTON - OPERATIONS, LLC; | § | CASE NO: 14-33899 |
| dba ST. ANTHONY'S HOSPITAL | § | |
|    Debtor(s) | § | |
| | § | CHAPTER 7 |

### MEMORANDUM OPINION

The Trustee seeks to employ the Claro Group as his financial adviser. The Court was initially concerned that Claro might not be a "disinterested person" under 11 U.S.C. § 101(14). For the reasons set forth in this opinion, Claro Group is a disinterested person. An additional hearing will be held on November 13, 2014 at 9:00 a.m. to address the issues raised in this opinion.

### Background

On July 25, 2014, the Trustee, Robert Ogle, filed an Application to employ The Claro Group, LLC as Accountant, Forensic Accountant, Financial Adviser, and Consultant pursuant to Section 327(a) of the Bankruptcy Code. (ECF No. 24). Attached to the application as Exhibit C-3 is a statement disclosing Robert Ogle's relationship with The Claro Group. (ECF No. 24-7). The disclosure states that "Robert E. Ogle is employed by Claro as a Senior Adviser on a contract basis." *Id*.

On September 11, 2014, the Court held a hearing on Mr. Ogle's Application. At the hearing, Mr. Ogle testified that Claro would primarily be providing financial consulting services. The U.S. Trustee stated the she did not object to Mr. Ogle's application.

Mr. Ogle testified as to the following relevant terms of Mr. Ogle's employment with the Claro Group: (i) Mr. Ogle is a senior adviser to The Claro Group; (ii) Claro furnishes Mr. Ogle

with office space and administrative support staff; (iii) on certain matters Mr. Ogle is entitled to 75% of collections generated by him and 8% of collections generated by Claro employees.

Mr. Ogle testified that on the proposed engagement, he would not receive any commission and would have no pecuniary interest in Claro's approved compensation. He further testified that he is not a shareholder, officer, or director of Claro.

## Employment of Professionals under § 327

Section 327(a) of the Bankruptcy Code authorizes a trustee to retain professionals subject to court approval. § 327(a) provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Subsection 327(d) provides that "[t]he court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d).

Counsel for Mr. Ogle concedes that the § 327(d) exception does not apply in this case. (ECF No. 111 at 2) ("While § 327(d) provides an exception to the disinterestedness requirement when a trustee seeks to hire him- or herself as an attorney or accountant, the Trustee testified that he anticipates the majority of services proposed to be performed by Claro as falling under the category of financial advisory, rather than accounting, services. Accordingly, at least with respect to Claro's financial advisory services, § 327(d)'s exception to § 327(a)'s disinterestedness requirement does not apply."). Accordingly, Claro must satisfy the requirements of § 327(a) in order to be employed as a financial adviser to Mr. Ogle.

## § 327(a) Requirements

Section 327(a) requires application of a two prong test for employment of professional persons. The Trustee, with the court's approval, may only employ a professional that (i) does not hold or represent an interest adverse to the estate; and (ii) is a disinterested person. These two criteria overlap because part (C) of the definition of a "disinterested person" includes a person who does not have an interest materially adverse to the estate. *See In re Howell*, 148 B.R. 269, 270 (Bankr. S.D. Tex. 1992).

**Adverse Interest**

Claro does not "hold or represent an interest adverse to the estate" by virtue of its relationship with Mr. Ogle.

An adverse interest includes possession or assertion of any economic interest that tends to lessen the value of the debtor's estate, or creates an actual or potential dispute in which the estate is a rival claimant. *In re Jackson*, 484 B.R. 141, 154 (Bankr. S.D. Tex. 2012) (citing *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994).

Courts have found such an adversity to exist in cases where the proposed professional had a relationship with either the debtor or a creditor. For example, adversity disqualified the retention of a proposed attorney where (1) an attorney represented both the debtor and the company's president, *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994); (2) an attorney was a pre-petition creditor of the debtor's estate, *Sholer v. Bank of Albuquerque (In re Gallegos),* 68 B.R. 584 (Bankr.D.N.M.1986); and (3) an attorney served as an officer or director for the debtor, *In re Wells Benrus Corp.,* 48 B.R. 196 (Bankr.D.Conn.1985). None of these situations are present. The Claro Group does not have any relationship to the debtor or any creditor in the case.

Nor is there any reason to think that Claro's relationship with Mr. Ogle increases the likelihood of Claro obtaining an adverse interest to the estate. Accordingly, Claro has no adverse interest to the estate.

**"Disinterested" under § 101(14)**

Under § 101(14), "the term "disinterested person" means a person that (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, *or for any other reason*." 11 U.S.C. § 101(14) (emphasis added).

Claro clearly satisfies parts (A) and (B) of the definition of disinterested. Only part (C) of the definition of "disinterested" is at issue in this case.

The issue is whether Claro's relationship with Mr. Ogle constitutes "an interest materially adverse to the interest of the estate… or for any other reason." 11 U.S.C. § 101(14). The phrase "or for any other reason" found at the end of the definition for "disinterested person" is a catch all clause that is "sufficiently broad to include any professional with an 'interest or relationship that would even faintly color the independence and impartial attitude required by the Code.'" *In re Barnes*, 2013 WL 3760570 (Bankr. D. Or. July 16, 2013) (quoting *In re BH & P Inc.,* 949 F.2d 1300, 1308 (3d Cir.1991)).

Counsel for Mr. Ogle acknowledges that if Mr. Ogle were an equity owner of Claro, then Claro could not be employed as a financial consultant for the estate. However, in this case, the Trustee is not an owner of Claro and would not receive any direct economic gain from Claro's employment.   The question is whether § 327(a) and § 327(d) necessarily preclude the

employment of a consulting firm with which the trustee has a significant professional relationship. To answer this question, the Court will first consider whether the construction of § 327 operates to exclude trustees from hiring their own financial consulting firms.

**§ 327(d) is not an Exception to the Disinterestedness Requirement**

Most courts have interpreted subsections 327(a) and 327(d) to mean that a Trustee cannot hire himself or his own firm in any capacity other than as attorney or accountant. *See, e.g. In re Cont'l Nut Co.*, 44 B.R. 48, 50 (Bankr. E.D. Cal. 1984) (finding that because § 327(d) mentions "attorney" and "accountant," "[b]y inference, the trustee should not be appointed as a professional for other endeavors" and denying the trustee's application for his corporation to act as appraiser, real estate broker and CPA for the estate); *In re Mandell*, 203 B.R. 345, 348 (Bankr. S.D. Fla. 1996) (stating that the plain language of section 327(d) precludes trustee from being retained as a broker).

Many courts, including this one, have inferred that subsection 327(d) is an exception to the general rule that an estate professional must be "a disinterested person" pursuant to § 327(a). *See In re Andover Togs, Inc.,* 2001 WL 262605, *2, 2001 U.S. Dist. LEXIS 2690, *11 (S.D.N.Y.2001); *see also In re Interamericas, Ltd.*, 321 B.R. 830, 833 (Bankr. S.D. Tex. 2005). Implicit in this finding is that without section 327(d) a trustee could not employ his or her law firm because the firm would not fall within the definition of a "disinterested person" under § 101(14). However, the Court is unconvinced that a trustee's law firm (or any professional firm owned by the trustee) cannot be "disinterested" under § 101(14).

The Court agrees that a Trustee cannot hire himself or his firm in any capacity other than as attorney or accountant. However, the Court does not reach this conclusion based on a finding that the trustee's consulting or brokerage firm is automatically not "disinterested" under section

327(a). Instead, the Court relies on the express language in subsections 327(a) and 327(d): Subsection (a) empowers the trustee, subject to court's approval, to employ one or more attorneys, accountants, appraisers, auctioneers, or other professionals to represent or assist the trustee in carrying out the trustee's duties. Subsection (d) appears to create two exceptions to the general rule that a trustee cannot serve in any of the professional roles enumerated under subsection (a): "The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interests of the estate."

Section 327(a) requires that the professional be a "disinterested person." The term "disinterested person" means a person that… does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, *or for any other reason*." 11 U.S.C. § 101(14) (emphasis added). The catch all phrase, "or for any other reason" cannot be interpreted to disqualify a trustee's professional firm based on concerns about the *trustee's* ability to fulfill his or her fiduciary duties to the estate. In addition to the stated reason of a direct or indirect relationship to the debtor, the catch all phrase "for any other reason" refers to a reason that would cause the prospective professional person or firm to have an interest materially adverse to the estate or any class of creditors or equity security holders. The "disinterestedness" requirement in §327(a) applies to the proposed professional, not the trustee.

Some of the courts that have held that a trustee cannot hire his own firm in any capacity other than as attorney or accountant conclude that the trustee's firm fails the "disinterestedness" requirement under § 327(a). For example, in *Palm Coast*, the Second Circuit reasoned that "[a] trustee who hires his own professional firm to assist him cannot be a "disinterested person" who has no interest adverse to the estate. Once the trustee's firm is hired by the estate, the trustee's

personal interests are implicated." *In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253, 258 (2d Cir. 1996). All of the concerns discussed in *In re Palm* deal with the trustee's ability to fulfill his independent duties to the estate, not on the firm's ability to provide impartial advice. The definition of "disinterested" appears to be applied to the trustee rather than the firm seeking employment.

In this case, the Court has no concerns over Claro's ability to provide impartial advice to the estate. There is no evidence that Claro has any interests, direct or indirect, that could potentially compete with the estate's interests. Instead, the Court is concerned with potential conflicts of interest related to Mr. Ogle's independent fiduciary duties to the estate. Because these potential conflicts relate solely to the Trustee's "disinterestedness," the Court finds that The Claro Group is disinterested.

**Trustee's Disinterestedness**

Even if The Claro Group is "disinterested," the Court has the discretion to deny the application to employ The Claro Group. The Court is concerned with the trustee's ability to fulfill his independent duties to the estate.

The Court could not find a case analyzing the retention of a professional where the trustee and proposed professional firm had a similar relationship to the one in this case. In deciding whether to employ a trustee's law firm to represent the estate, courts often consider two potential conflicts of interest: (i) whether the trustee sought out the best candidate to represent the estate; and (ii) whether the trustee will be able to fulfill his statutory duty to object to any inappropriate fees. *See Applications of Kurtzman*, 220 B.R. 801, 804 (Bankr. S.D.N.Y. 1998) ("Since a bankruptcy trustee is responsible for monitoring all fees requested in a case, and has a statutory duty to object to any inappropriate fees, a conflict develops when the trustee's own law

firm is retained as his counsel and the trustee is interested in obtaining the largest fee recovery on behalf of his firm."); s*ee also In re Arkansas Co., Inc.,* 798 F.2d 645, 649 (3d Cir.1986) (stating that the Code "was designed to eliminate the abuses and detrimental practices ... [such as] the cronyism of the 'bankruptcy ring' and attorney control of bankruptcy cases.").

Employing The Claro Group as financial adviser places the trustee in a position where it may benefit him to violate either one of these duties to the estate. The fact that Mr. Ogle would not receive a direct economic benefit reduces these potential conflicts, but does not eliminate them.

Some courts appear to deal with this issue by applying the "catch all" portion of the definition of "disinterested" to deny an application for employment when it might affect the Trustee's ability to fulfill his or her duties to the estate. However, this Court concludes that these concerns should be addressed through the discretion granted to the bankruptcy court under section 327(a).

The Bankruptcy Code provides the Court with broad discretion regarding the employment of professionals to work on behalf of the estate. *See Harold & Williams Dev. Co. v. United States (In re Harold & Williams Dev. Co.),* 977 F.2d 906, 909 (4th Cir.1992) (citing *In re Martin,* 817 F.2d 175, 182 (1st Cir.1987)). Even if the technical requirements of disinterestedness and not holding or representing an interest adverse to the estate are met, the Court has the discretion to deny the application. *See* 11 U.S.C. § 101(14). *See In re Kurtzman*, 220 B.R. 538, 542 (S.D.N.Y. 1998) ("Thus, while disinterestedness and the absence of conflicts may be central to the inquiry, they are by no means exclusive. Indeed, section 327(a) vests the authority for "approval" within the sound discretion of the Court. That authority would be

eviscerated were the Court required to approve counsel who met the technical test for disinterest but was ill-suited for other reasons such as, for example, inexperience.").

The Court is instructed to exercise its discretion by taking into account "the facts of a particular bankruptcy case and the overall objectives of the bankruptcy system." *Id.* at 10. Section 327(a) acknowledges that the purpose of the professional's employment is "to represent or assist the trustee in carrying out the trustee's duties under this title." 327(a). Accordingly, the Court must consider whether the benefits of employing Claro exceed the potential impact it may have on the trustee's ability to fulfill his duties to the estate.

As the Second Circuit points out in *In re Palm*, concerns relating to the Trustee's ability to fulfill his fiduciary duties to the estate are rooted in the common law of trusts. "Read in the light of the common law of trusts, section 327 must be interpreted to prohibit the trustee from hiring himself in any non-lawyer or non-accountant capacity. This is because the law of trusts requires that the trustee, *in his role as trustee,* be disinterested and prohibits him from obtaining interests adverse to the estate. As with any trustee, a bankruptcy trustee owes a duty of loyalty to the beneficiaries of the trust. A trustee is not permitted to place himself in a position where it would be for his own benefit to violate his duty to the beneficiaries." *In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253, 257-58 (2d Cir. 1996) (internal citations omitted).

Mr. Ogle's proposed employment agreement may present a conflict under general trust law. Under the Uniform Trust Code, the proposed employment agreement would be presumptively voidable. Under the Restatements (Third) of Trusts, it would likely be prohibited.

Under the Uniform Trust Code, a transaction between a trustee and certain relatives and business associates is presumptively voidable. *See* UNIF. TRUST CODE § 802(c) (2000) ("A sale, encumbrance, or other transaction involving the investment or management of trust property is

presumed to be affected by a conflict between personal and fiduciary interests if it is entered into by the trustee with… a corporation or other person or enterprise in which the trustee, or a person that owns a significant interest in the trustee, has an interest that might affect the trustee's best judgment."). The presumption is rebutted if the trustee establishes that the transaction was not affected by a conflict between personal and fiduciary interests. *See* UNIF. TRUST CODE § 802(c) (2000) (Editors' Notes state that "[a]mong the factors tending to rebut the presumption are whether the consideration was fair and whether the other terms of the transaction are similar to those that would be transacted with an independent party.").

Subsection (2) of the Restatements (Third) of Trusts provides that "[e]xcept in discrete circumstances, the trustee is strictly prohibited from engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between the trustee's fiduciary duties and personal interests." Restatement (Third) of Trusts § 78 (2007). This section prohibits the trustee from self-hiring unless an exception applies.[1]

Comment *e* of the Restatement states that "the duty of loyalty prohibits the trustee from engaging in transactions, as trustee, with persons with whom the *trustee is closely related or associated*." (*Id.*) (emphasis added). This Comment may cover the transaction proposed by Mr. Ogle— a professional services employment contract between trustee and trustee's closely related firm.[2] Accordingly, Mr. Ogle's retention of Claro as financial adviser might constitute a breach of trust under the Restatements (Third) of Trusts.

---

[1] Comment *d* in the Restatement states that "…except as described in *c(5)*, a trustee, acting in a fiduciary capacity, cannot properly hire the trustee personally to perform services for the trust.").

[2] One of the examples included under Comment *e* that constitutes a "breach of trust" is where a trustee hires his daughter-in-law to be a securities broker for the trust estate.

Section (c)(5) of the Comments state that "[a]lthough under Subsection (2) self-hiring by a trustee is generally prohibited as a form of self-dealing, in some circumstances a trustee may provide to the trust, and receive additional compensation for, special services that—while not required of trustees generally—are necessary or appropriate to prudent administration of the trust." (*Id.*) (internal citations omitted). However, this section specifically excludes the conflict-of-interest transactions prohibited under Comment *e*.[3]

Even if such an exception were to apply under the Restatements to permit Mr. Ogle to employ Claro, Mr. Ogle's duty to act with prudence would require him to conclude that the expected benefits of efficiency outweigh the risks of sacrificing his independence. Section (c)(5) states that when this exception to self-hiring applies, "the trustee is not relieved of the normal duty to act with prudence and in the interest of the beneficiaries in determining whether the services are reasonably necessary and by whom they may best be provided. Thus, the risks inherent in sacrificing independence and objectivity of judgment in deciding these matters must be justifiable in terms of the expected benefits to the trust through greater efficiency and reduced time and expense in allowing the trustee to render the services." (*Id.*).

Based on the Court's review of applicable trust law, it appears that Mr. Ogle's proposed employment agreement might be prohibited unless Mr. Ogle demonstrates that the benefits of retaining Claro outweigh the relative risks.

Mr. Ogle identifies himself as a senior adviser for Claro. He is provided with office space and a support staff by Claro. Although Mr. Ogle is not receiving a commission on the proposed employment, he normally receives a 75% commission on certain business he generates and an 8% commission on business generated by other Claro employees.

---

[3] Section (c)(5) states that "[t]he exception in this Comment does not apply to conflict-of-interest transactions prohibited under Comment *e*."

These circumstances present two potential conflicts. The trustee's relationship with The Claro Group may cause a third party to question (i) whether the trustee's decision to employ Claro was influenced by his personal interests; and (ii) whether the trustee will be able to fulfill his statutory duty to review and object to fee applications when appropriate. Accordingly, unless the Court finds that the benefits of hiring Claro outweighs the risks created by Claro's employment, the Court will deny Mr. Ogle's application.

Weighing the benefits and risks of employing Claro is consistent with the purpose of § 327. *See In re Cyrus II P'ship*, 2008 WL 3003824 (Bankr. S.D. Tex. July 31, 2008) (internal citations omitted) ("Other reasons offered for the purpose of § 327 include avoiding the appearance of a conflict of interest, a judicial check on the trustee's power, to allow for the participation of lawyers while remedying the lack of debtor's incentive to negotiate attorney's fees for cost-effective counsel, to preserve the integrity of bankruptcy to protect debtors from overreaching by professionals, and to ensure loyalty to the bankruptcy client.").

Mr. Ogle has not had the opportunity to address the concerns raised in this opinion. The "disinterestedness" requirement under section 327(a) was the primary focus of the September 11, 2014 hearing and the subsequent brief filed by Mr. Ogle. Accordingly, the Court will hold an additional hearing on Mr. Ogle's application to employ on November 13, 2014 at 9:00 a.m.

SIGNED **October 24, 2014.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE